IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DEXTER RAMONE PALMER,
        Petitioner
    VS.

HUGH SMITH, WARDEN,
        Respondent

**NO. 5: 05-CV-419 (CAR)**

PROCEEDINGS UNDER 28 U.S.C. § 2254
BEFORE THE U.S. MAGISTRATE JUDGE

# O R D E R

Pending before the court are four motions filed petitioner DEXTER RAMONE PALMER: MOTION FOR EVIDENTIARY HEARING (Tab #26); MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (Tab #27); MOTION FOR DISCOVERY (Tab #30); and MOTION TO COMPEL DISCLOSURE OF DOCUMENTS OF CRIMINAL CONVICTION (Tab #31).

### Motion for Evidentiary Hearing

An evidentiary hearing is not necessary at this time and accordingly, the petitioner's motion for evidentiary hearing (Tab #26) is DENIED. It will not be necessary for the petitioner to re-submit this motion, as the court is <u>required</u> to make a determination as to the need for such a hearing and will do so at the appropriate time on its own motion.

### Motion for Leave to File Amended Complaint

The petitioner wishes to add numerous additional counts to this habeas action. In the court order dated June 29, 2005 (Case 5:05-cv-208, Tab #4), the undersigned afforded the petitioner

> THIRTY (30) DAYS [to] amend his petition to include every unalleged possible constitutional error or deprivation entitling petitioner to habeas relief in this court, failing which petitioner will be presumed to have deliberately WAIVED his right to complain of any constitutional errors or deprivations other than those set forth in his habeas petition.

The petitioner amended his petition on July 18, 2005, to include four more counts. The petitioner now wishes to submit thirteen additional pages of allegations. Tab #27-2. The petitioner's motion (Tab #27) is DENIED pursuant to the court's June 29th order which required him to allege **all** errors and deprivations within thirty days of receipt of that order.

**Motions for Discovery and to Compel Disclosure of Documents**

The petitioner's motion for discovery avers that "without the discovery documents the court cannot make a righteous decision." Tab #30 at 3. Until the respondent has responded to the petitioner's contention, the court cannot be sure whether discovery is necessary. Accordingly, if and when the court deems discovery to be necessary, the undersigned will, on his own motion, make such an order. At this time, however, the petitioner's motion (Tab #30) is DENIED.

The plaintiff's final motion before the court seeks the court to compel the disclosure of documents relating to the plaintiff's conviction and/or prior habeas proceeding(s). It appears to the undersigned that the petitioner's request is simply trying to skirt the general prohibition on discovery without good cause shown contained in Rule 6(a) of the Rules of Habeas Corpus. If the petitioner intends that his motion be construed as one showing good cause for discovery, the undersigned is unconvinced at this time and his motion (Tab #31) is DENIED. As stated above, if and when it appears to the court that discovery is necessary, the court will so order it.

Also, in light of the Eleventh's Circuit's remand of this habeas corpus case to the district court, the respondent herein is ORDERED to respond to the four claims that remain unresolved in this matter (to wit, those claims contained in the petitioner's July 18th amended petition) **WITHIN THIRTY (30) DAYS** of the date of this Order.

SO ORDERED this 24th day of January, 2007.

CLAUDE W. HICKS, JR
UNITED STATES MAGISTRATE JUDGE